# SUPREME COURT.

ABRAM BEDELL and others, executors, &c., of John Sanderson, deceased, agt. HUGH M'CLELLAN, CORNELIUS HUSTED, and others.

The holder of a mortgage has a right to make his own election as to the mode in which he will enforce its collection; and he cannot be restrained from proceeding in his own way merely because a subsequent incumbrancer prefers a different remedy, or even offers to collect the mortgage for him. He cannot be restrained by injunction, unless there be some good le_al reason for interference.

As a general rule, an injunction will not be granted when the plaintiff has another remedy, of which he can avail himself without restraining the defendant.

A junior mortgagee, because he has first commenced proceedings of foreclosure by filing complaint and notice of *lis pendens*, has no right to interfere by injunction to arrest a prior mortgagee in his proceedings to foreclose his mortgage by advertisement, covering a portion of the same premises, especially where the prior mortgagee had, in fact, published his advertisement previous to the service of the summons in the first case.

If the junior mortgagee has a right, in such a case, to stay the prior mortgagee, and assume the control of his mortgage, the same right would belong to every subsequent incumbrancer, by judgment or otherwise.

*Albany Special Term, June*, 1855.

THE complaint in this action was filed on the 21st of May last, for the purpose of foreclosing a mortgage, executed on the 13th Dec., 1833, by Hugh M'Clellan to John Sanderson, deceased, to secure the sum of three thousand dollars. On the same day a notice of *lis pendens* was filed, and a summons and

copy complaint were delivered to the sheriff, which was served on the 23d of May last.

The defendant, Husted, has a prior mortgage, covering one of the farms embraced in the plaintiffs' mortgage. The mortgage of Husted was executed by Hugh M'Clellan to said Husted on the 1st of May, 1832, to secure the payment of three thousand dollars and interest. The defendant Husted has proceeded to foreclose his mortgage by advertisement; and his first notice was published and dated on the 22d of May, 1855. The papers necessary to foreclose by advertisement were made out by Husted's attorney, and forwarded to the printer on the 19th day of May, 1852.

The complaint in this action admits Husted's mortgage to be a prior lien, and prays for a sale, and that Husted's mortgage be first paid, and the surplus, if any, applied on the plaintiffs' mortgage.

The plaintiffs' applied on notice to Husted's attorney for an injunction order, restraining the defendant, Husted, from proceeding to sell under his notice, and staying his proceedings till a sale could be obtained in this action.

J. SANDERSON, *for plaintiffs.*

P. CAGGER, *for Husted.*

PARKER, Justice. The question presented for decision is, whether, upon the facts in this case, the plaintiffs are entitled to an injunction order, restraining Husted's proceedings to foreclose by advertisement, for the purpose of enabling the plaintiffs to make sale of the property for the benefit, first of Husted and then of the plaintiffs.

The plaintiffs rely upon the case of *Davis* agt. *Briggs*, (3 *How. Pr. R.* 65.) In that case, a subsequent mortgagee had commenced a foreclosure by action; and a prior mortgagee was made a party, and had put in his answer, admitting the material facts alleged in the bill. Briggs, the mortgagor, put in an answer denying the rights of the complainant; and the prior mortgagee having become impatient of the delay caused

by the litigation between the complainant and Briggs, commenced a statute foreclosure.

If that decision can be sustained at all, which I think doubtful, it is because the second mortgagee had first commenced his suit, and the prior mortgagee, being made defendant, had answered; the court having thus obtained jurisdiction of the whole matter before the commencement of the statute foreclosure. But this application has no such ground to rest upon. Husted's advertisement was first published on the 22d of May, and before this action was commenced. It is true, the complaint and notice of *lis pendens* were filed on the 21st of May. But the action was not commenced till the service of the summons, (*Code*, § 147,) which was on the 23d as to M'Clellan, and 26th as to Husted; and not till that time did the court acquire jurisdiction. (*Code*, § 139.) It is only as to purchasers, or subsequent incumbrancers, that the notice of *lis pendens* is constructive notice from the time of filing. Husted, so far from having submitted, as in the case cited, to make his claim in this action, had elected to make it in a different form, and had sent his notice of sale to the printer as early as the 19th of May.

The holder of a mortgage has a right to make his own election, as to the mode in which he will enforce it; and he cannot be restrained from proceeding in his own way, merely because a subsequent incumbrancer prefers a different remedy, or even offers to collect the mortgage for him. He cannot be restrained by injunction unless there be some good legal reason for interference. When it is said that a court of equity has power to restrain proceedings at law when they must necessarily work injustice, (3 *How. Pr. R.* 65; 2 *Story's Eq. Jur.*, § 885,) it is not meant that an injunction will be issued to suit the convenience of the moving party, or to give him the control of the sale, or to gain time to raise money, or to wait for an expected rise in the market value of property. It is easier to say in what cases an injunction cannot be allowed, than it is to lay down a general rule that shall cover all cases for the granting of an injunction.

Bedell and others, ex'rs, &c. agt. M'Clellan, Husted, and others.

The occasions for granting an injunction are said by Story to be "almost infinite in their nature and circumstances." (2 *Story's Eq. Jur.*, § 885.) They include not only all cases where, by accident, mistake, or fraud, a party has obtained an unfair advantage; but a great number of other cases, where the proceeding of the defendant, unless restrained, will conflict with an equitable right of the plaintiff, or deprive the plaintiff of an opportunity of enforcing a legal claim. If, for example, Husted's mortgage covered several lots, on one of which the plaintiff had a subsequent mortgage, and there was an equitable reason why the other lots should be first sold by Husted, there would be good ground for enjoining him against selling first the lot on which the second mortgage was a subsequent lien. But Husted's mortgage covers but one lot, upon which it is the first lien, though the plaintiffs' mortgage covers other lots also.

It is not a reason for interfering, that the time advertised for the sale is at a season of the year when the property may not sell to the best advantage, or that the sale will take place before the plaintiffs can get judgment; for Husted has a right to fix his own time, and to have as early a day as the statute allows. To sell on that day will not necessarily take away any legal or equitable right of the plaintiffs. Those can be protected by the plaintiffs, by attending and bidding at the sale, or by taking an assignment of the mortgage before the sale, as the plaintiffs have a right to do on paying to Husted the amount due. (*Pardee* agt. *Van Auken*, 3 *Barb. S. C. R.* 534.) As a general rule, an injunction will not be granted when the plaintiff has another remedy, of which he can avail himself without restraining the defendant.

It does not alter this case that the plaintiffs offered to pay Husted's costs of proceeding to advertise. The plaintiffs could not, by such an act, obtain a right to control the foreclosure of Husted's mortgage. That right belonged to Husted alone.

If, on the facts in this case, the plaintiffs have a right to stay Husted, and assume the control of his mortgage, then the same right belongs to every subsequent incumbrancer; and the sub-

sequent incumbrancers, by judgment in this case, or any one of them, have also a right at pleasure to stay the proceedings on both the mortgages, that a sale may first be had on one of their executions.  There can be no good reason for a distinction between the plaintiffs' right and those of any subsequent judgment-creditor.  If any such right exists, there must be an advantage in being a later rather than a prior incumbrancer, a right hitherto not generally recognized by creditors.

The premises mortgaged to Husted are of barely sufficient value to pay Husted's claim.  If an injunction should be granted, and M'Clellan, or any of the numerous incumbrancers subsequent to Husted, should litigate the plaintiffs' mortgage, the delay would greatly endanger the collection of Husted's mortgage.  Or if, at any time in the progress of the litigation, the mortgagor should pay up the plaintiffs' mortgage, the action would be at an end, and Husted would be compelled to commence his proceedings anew, and thus incur equal delay and risk of collection.

In any view in which this·application is regarded, the reasons are abundant against it, and the motion must be denied, but without costs.